541 S.E.2d 540

**In the Matter of Larry F. GRANT, Respondent.**

**No. 25233.**

Supreme Court of South Carolina.

Submitted Dec. 7, 2000.

Decided Jan. 16, 2001.

Henry B. Richardson, Jr., and Michael S. Pauley, both of Columbia, for the Office of Disciplinary Counsel.

Leland B. Greeley, of Rock Hill, for respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a public reprimand. We accept the agreement and publicly reprimand respondent.

## Facts

Respondent violated the discovery requirements contained in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to fully disclose exculpatory material and impeachment evidence regarding statements given by the State's key witness in a murder prosecution.[1] The accused pled guilty to voluntary manslaughter as a result of the *Brady* violation.

## Law

By his conduct, respondent has violated the following Rules of Professional Conduct, Rule 407, SCACR: Rule 3.4(d)(failing to make a diligent effort to comply with the discovery request of an opposing party); Rule 3.8(d)(failing to make a timely disclosure to the defense of known evidence or information that tends to negate the guilt of the accused or mitigate the offense); Rule 8.4(a)(violating the Rules of Professional Conduct); and Rule 8.4(e)(engaging in conduct that is prejudicial to the administration of justice).

Respondent has also violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1)(violating rules regarding the professional conduct of lawyers); Rule 7(a)(5)(engaging in conduct tending to pollute the administration of justice or bring the legal profession into

---

1. The facts are discussed in detail in this Court's opinion in *Gibson v. State,* 334 S.C. 515, 514 S.E.2d 320 (1999).

disrepute); and Rule 7(a)(6)(violating the oath of office taken upon admission to practice law in this state).

### Conclusion

We find that respondent's misconduct warrants a public reprimand. We therefore accept the Agreement for Discipline by Consent and publicly reprimand respondent.

**PUBLIC REPRIMAND.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.